911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES for the Use of KASLER ELECTRIC COMPANY,
Plaintiff-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.
 No. 89-1194.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1990.
 
 Before MERRITT, Chief Judge, KEITH and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The facts elicited in the course of the bench trial before the district court are set out in its Memorandum Opinion of January 5, 1989.
 
 
 2
 Plaintiff, Kasler Electric Company, cites as error the district court's conclusion that the "pay when paid" clause of the contract was a binding condition precedent to the liability of Elgin Builders, Inc. (and its surety, Insurance Company of North America). In its complaint plaintiff sought $58,116 as payment for what it said was its seventy-six percent completion of the contract, plus $18,352 for the balance of the contract price which it said was due as the result of Elgin's wrongful termination of the contract.
 
 
 3
 The district court held that plaintiff was entitled to the $6,900 approved by the Veterans Administration (less the assessed fine of $3,099), but that the "pay when paid" provision of the contract provided Elgin a defense since it was a valid condition precedent to further payment. However, the clause would only be applicable to a determination of the amount of damages in the event plaintiff completed work for which it was denied payment by Elgin on the basis that Elgin had not been paid by the VA. Here, the clause would be effective, at most, to protect Elgin from having to pay plaintiff more than the $6,900 approved by the VA for plaintiff's past performance. But Elgin prevented Kasler from completing its performance, albeit at the insistence of the VA, and Kasler asserts that this conduct amounted to a breach of the contract.
 
 
 4
 Accordingly, upon remand, the district court must first determine whether Elgin breached the contract by preventing Kasler from performing. If it did not commit a breach, then Kasler will be entitled only to damages measured by its performance prior to termination (less the fine), with that amount perhaps being capped by the "pay when paid" provision. If Elgin did breach the contract, then Kasler will be entitled to damages according to accepted measures of damages for breach of contract, and in that event the "pay as paid" provision appears to be irrelevant to the determination of damages resulting from plaintiff's being prevented from completing the contract.
 
 
 5
 For the reasons stated, the judgment of the district court is reversed, and this cause is remanded for further proceedings.